UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 11-1465-JST (ANx) | Date:  September 27, 2011 |
| Title: Wayne Miller v. Kimberly Bunn-Miller | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                           Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 07P000828**

     This action was originally filed in Orange County Superior Court, Case Number 08D011558.  Defendant Bunn-Miller removed this case on September 22, 2011.  (Doc. 1.)  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

    **I.**    **Background**

    Bunn-Miller removed this matter from the Orange County Superior Court.  The underlying matter is a child custody dispute.  (Not. of Removal, Ex. C.)  Bunn-Miller alleges the family court judge has violated her rights under the Indian Child Welfare Act, 25 U.S.C. § 1901, *et seq.* (Id. at 2).  Furthermore, she alleges that "the California Family Courts have expressly and repeatedly refused to recognize the pre-emptive effective of the Indian Child Welfare Act."  (Id.)  Specifically, she alleges that the family court has denied her "fundamental right [sic] a primary parental caretaker to the care, custody, and education of her minor child."  (Id. at 4-5.)  Bunn-Miller states 28 U.S.C. § 1443 as the basis for removal.  (Id. at 5.)

    **II.**    **Legal Standard**

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-1465-JST (ANx)                                                  Date:  September 27, 2011
Title: Wayne Miller v. Kimberly Bunn-Miller

jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).

   III.     Discussion

   Defendant removes this case of the basis of 28 U.S.C. § 1443.  For such removal to be proper under this section, the removal petition must satisfy a two-pronged test.  *See Johnson v. Mississippi*, 421 U.S. 213 (1975).  "First, it must appear that the right allegedly denied the removal petitioner [by the state court] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  Second, a petitioner must show that he cannot enforce the specified federal rights in state court.  *Johnson*, 421 U.S. at 219.  "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803).

   Here, Bunn-Miller does not cite a state law or constitutional provision that directs the courts to ignore her civil rights.  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  She alleges that the California Family Courts have interpreted the California Family Code in a manner inconsistent with the Indian Child Welfare Act ("ICWA"), but does not allege that there is a "formal expression of state law" that denies her civil rights under the ICWA.  Moreover, the ICWA is not a federal law "providing for specific civil rights stated in terms of racial equality."  The purpose of the ICWA is "to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families." 25 U.S.C. § 1902.  Thus, the purpose of the Act is not "racial equality."  Because Bunn-Miller fails to meet the requirements of  § 1443, removal is improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-1465-JST (ANx)                      Date:  September 27, 2011
Title: Wayne Miller v. Kimberly Bunn-Miller

**IV.    Conclusion**

      For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court.

                                                  Initials of Preparer:  enm